IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                  No.  CR-01-1549 MV

WILLIAM C. LISEWSKI,

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant William C. Lisweski's Motion to Dismiss Count I of the Indictment **[Doc. No. 21]** ("Motion I") and Motion to Dismiss Count II of the Indictment **[Doc. No. 22]** ("Motion II"), both filed on February 26, 2002.  The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that the motions are not well-taken and will be **DENIED**.

### BACKGROUND

Motion I

       On September, 25, 2001, Defendant entered into a Plea and Disposition ("Plea Agreement") with the State of New Mexico, whereby Defendant pled no contest to possession of methamphetamine, a fourth degree felony.  The New Mexico State District Court, Twelfth Judicial District, accepted the Plea Agreement.  District Judge Jerry H. Ritter, Jr., signed the Plea Agreement, indicating the State District Court's approval.   The Plea Agreement contained the following agreement as to sentence:

       That the following disposition will be made of the Charges:

              S        Sentencing in the discretion of the Court
              S        State will not oppose probation

§      State will not oppose a conditional discharge if recommended by APO

On February 22, 2002, the State District Court filed a Judgment and Suspended Sentence. The Judgment and Suspended Sentence provided that it was the judgment of the Court that Defendant was guilty of Count I of the Indictment, and that it was the sentence of the Court that Defendant be incarcerated for a period of eighteen months, with the sentence to be suspended and Defendant to be placed on supervised probation for the eighteen-month period.

On November 15, 2001, Defendant was charged by a Federal Grand Jury in a two-count Indictment.  Count I of the Indictment charges Defendant with a violation of 18 U.S.C. §922(g)(1) and 924(a)(2), felon in possession of firearms.  This count alleges that Defendant was found in possession of three firearms on or about the 2nd and 3rd days of October, 2001, after Defendant entered his plea of guilty on September 25, 2001, but before the Judgment and Suspended Sentence was filed on February 22, 2002.

On February 26, 2002, Defendant filed a Motion to Dismiss Count I of the Indictment, alleging that Defendant was not "convicted" under New Mexico law at the time of the alleged firearms possession, as the Plea Agreement expressly provided for the possibility of a conditional discharge, and as the State District Court had not yet entered a judgment of guilty or sentenced him. The Government filed its response on March 22, 2002.  The Court held an evidentiary hearing on June 13, 2002.  At the hearing, the Court asked for further briefing, and took the motion under advisement.  Defendant filed his post-hearing brief on June 24, 2002, and the Government filed its response thereto on July 12, 2002.

Motion II

On May 9, 2001, a State Circuit Court in Escambia County, Florida, issued a Final Judgment of Injunction for Protection Against Domestic Violence ("Final Injunction") against Defendant. The Florida Court issued the Final Injunction in a proceeding commenced by Hollie Dunn, who had filed a petition on April 27, 2001, alleging that Defendant had engaged in domestic violence. Upon Ms. Dunn's petition, the Florida Court issued an *ex parte* temporary injunction against Defendant, which gave 11-days notice of a final hearing. On May 9, 2001, the Florida Court held a hearing at which Ms. Dunn and Defendant both appeared *pro se*.

After hearing testimony from both parties, the Florida Court issued the Final Injunction, which contains the finding that "the petitioner is a victim of domestic violence or has reasonable cause to believe that she is in imminent danger of becoming a victim of domestic violence by respondent." (Final Injunction at 1.) The Final Injunction is permanent, prohibits violence by Defendant, places Defendant on notice that violations may subject him to civil or criminal penalties, and sets forth the types of activities that would constitute violations. (Final Injunction at 2.) Specifically, the Final Injunction contains the following prohibition on the possession or control of a firearm:

> IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH INJUNCTION. 18 U.S.C. §922(g)(8).

(Final Injunction at 2-3.)

Count II of the November 15, 2001 Federal Indictment charges Defendant with a violation of 18 U.S.C. §§922(g)(8) and 924(a)(2), possession of firearms by a person subject to a domestic

violence restraining order.   This count alleges that Defendant, who was subject to the Final Injunction, was found in possession of three firearms on or about the 2nd and 3rd days of October, 2001.

Defendant filed a Motion to Dismiss Count II of the Indictment.  His motion alleges that the Final Injunction violated his due process rights and, as a result, is invalid and cannot form the basis for Count II.  In support of this argument, Defendant claims that he was afforded neither adequate notice of, nor representation at, the hearing which resulted in the Final Injunction.  The Government filed its response on March 22, 2002.  The Court held an evidentiary hearing on June 13, 2002.  At the hearing, the Court took the motion under advisement.

## DISCUSSION

### I.   Motion I

Defendant was charged with a violation of 18 U.S.C. §922(g)(1).  Section 922(g)(1) prohibits the possession in or affecting commerce of any firearm or ammunition by any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year."  What constitutes a conviction for purposes of Section 922(g)(1) is determined in accordance with the law of the jurisdiction in which the proceedings were held. *See* 18 U.S.C. §921(a)(20).  Accordingly, this Court must look to New Mexico state law in order to determine whether Defendant had a prior conviction at the time he was found in possession of three firearms on or about the 2nd and 3rd days of October, 2001.

Defendant admits that pursuant to the Plea Agreement, he pled no contest to the felony charge of possession of methamphetamine.  In addition, Defendant admits that the Plea Agreement was accepted and approved by the New Mexico State District Court on September 25, 2001.  Defendant,

however, contends that because the Plea Agreement specifically contemplated that Defendant might receive a conditional discharge at a later point in the proceedings, neither his plea nor the state court's acceptance thereof constitutes a conviction. Defendant reasons that it would be nonsensical for him to be a convicted felon at the time of his plea only to become an "unconvicted" felon at the time of sentencing if the state court had in fact decided to grant him a conditional discharge.

New Mexico case law does not support Defendant's position. New Mexico Statutes Annotated Section 30-1-11 provides as follows: "No person shall be convicted of a crime unless found guilty by a verdict of the jury, accepted and recorded in open court; or upon the defendant's confession of guilt or a plea of nolo contendere, accepted and recorded in open court." In accordance with this statutory provision, case law holds that "[a] plea of nolo contendere accepted and recorded in open court is tantamount to an admission of guilt [and] provides the basis for the criminal conviction." *State v. Marquez*, 105 N.M. 269, 271 (Ct. App. 1986), *cert. denied*, 105 N.M. 211 (1987). Moreover, there is clear precedent that "[a] conviction results from the acceptance of a guilty plea." *State v. James*, 94 N.M. 7, 9 (Ct. App. 1979), *cert. denied*, 93 N.M. 605 (1979); *see also Padilla v. State*, 90 N.M. 664, 666 (1977) (holding that a finding of guilt constitutes a conviction, even if there is a deferred sentence ending in dismissal of the charges, a pardon, or the entry of an order setting aside a conviction following completion of probation), *State v. Larranaga*, 77 N.M. 528, 529-30 (1967) (holding that a plea of guilty constitutes a legal conviction, and that imposition of punishment is not necessary in order to constitute a conviction); *State v. Mondragon*, 107 N.M. 421, 424 (Ct. App. 1988), *cert. denied*, 107 N.M. 267 (1988) (finding that New Mexico defines conviction as the finding of guilty, even before formal adjudication by the court, much less before sentencing).

Defendant's reliance on *State v. Herbstman*, 126 N.M. 683, 974 P.2d 177 (Ct. App. 1998), is misplaced. In *Herbstman*, the New Mexico Court of Appeals held that a conditional discharge is not to be considered a conviction or an adjudication of guilt when the court is deciding whether a defendant must register as a sex offender. In Defendant's case, however, the state court did not grant a conditional discharge. Rather, the court imposed a suspended sentence of eighteen months and ordered that Defendant be placed on supervised probation for the eighteen-month period. There is nothing in *Herbstman* or any other authority that this Court has found to suggest that the mere possibility that a court *might* grant a conditional discharge at sentencing transforms such court's acceptance of a defendant's plea into something other than a conviction. Indeed, the *Herbstman* court noted that "it is true that New Mexico ordinarily defines 'conviction' as a finding of guilt regardless of the sentence imposed." 974 P.2d at 182. The court further noted that the conditional discharge case before it was distinguishable from those cases in which this definition applies, including cases like that of Defendant herein which involve suspended sentences.

Accordingly, under New Mexico law, Defendant was convicted of a felony on September 25, 2001. For purposes of Section 922(g)(1), Defendant thus had a prior conviction at the time he was found in possession of three firearms on or about the 2nd and 3rd days of October, 2001.

## II.    Motion II

Defendant was charged with a violation of 18 U.S.C. § 922(g)(8). Section 922(g)(8) prohibits the possession in or affecting commerce of any firearm or ammunition by any person who is subject to a court order that:

> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

-6-

(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury.

Defendant contends that his due process rights were violated in that he did not receive adequate notice of the injunction hearing.  In support of this contention, Defendant argues that "the serving of a temporary order eleven days before a hearing per se does not provide due process because it does not allow a reasonable opportunity for the person to defend himself against such a matter."  (Defendant's Motion to Dismiss Count II of the Indictment at 3.)

Section 922(g)(8) includes an element which addresses notice and opportunity to participate. Specifically, the statute requires that the Final Injunction must have been issued "after a hearing of which [Defendant] received actual notice, and at which [Defendant] had an opportunity to participate." *United States v. Wilson*, 159 F.3d 280, 291 (7th Cir. 1998), *cert. denied*, 527 U.S. 1024 (1999).  There is no dispute that Defendant received actual notice of the hearing and that Defendant appeared at the hearing and had the opportunity to participate in the hearing.  Accordingly, the notice and opportunity to participate requirements of the statute have been satisfied.  *See Travieso v. Lopez*, 23 F. Supp.2d 576, 580 (D.V.I. 1998).  Moreover, Defendant has provided no authority to suggest that the statute itself is unconstitutional.   Indeed, Section 922(g)(8) has been upheld in several circuits, including the Tenth Circuit, on various constitutional challenges.  *See United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001), *cert. denied*, 122 S. Ct. 2362 (2002) (rejecting challenges to §922(g)(8) on due process, Second Amendment and Commerce Clause grounds); *United States v.*

*Reddick*, 203 F.3d 767 (10th Cir. 2000) (agreeing with every circuit court that has considered due process challenges to §922(g)(8) and concluding that due process does not require actual knowledge of the existence of the federal statute); *United States v. Napier*, 233 F.3d 394 (6th Cir. 2000) (holding that §922(g)(8) does not violate the Fifth Amendment in not requiring actual notice of the gun prohibition, is not an unconstitutional exercise of Congress' power under the Commerce Clause, and does not violate the Second Amendment right to bear arms); *United States v. Bostic*, 168 F.3d 718 (4th Cir. 1999) (holding that §922(g)(8) does not violate notice and fair warning principles embodied in Fifth Amendment).  Although more notice would have been preferable, eleven-days notice should have allowed Defendant enough time to obtain witnesses and consult with an attorney.

Finally, Section 922(g)(8) does not require that the court appoint counsel to represent a respondent in a domestic violence proceeding.  Defendant had the opportunity to retain an attorney to represent him at the injunction hearing.  The fact that Defendant did not obtain representation does not render the Final Injunction constitutionally invalid.

## CONCLUSION

At the time of his alleged firearms possession on the 2nd and 3rd days of October, 2001, Defendant had been convicted of a felony, and was subject to a valid domestic violence restraining order.   Accordingly, there is no basis to dismiss Count I or Count II of the Indictment charging Defendant with violations of 18 U.S.C. §§922(g)(1) and 922(g)(8), respectively.

**IT IS THEREFORE ORDERED** that Defendant William C. Lisewski's Motion to Dismiss Count I of the Indictment **[Doc. No. 21]** and Motion to Dismiss Count II of the Indictment **[Doc. No. 22]** are **DENIED**.

-8-

Dated this 21st day of January, 2003.

_____

MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

<u>Attorney for Plaintiff</u>:
Roberto D. Ortega, Esq.

<u>Attorney for Defendant</u>:
Roger A. Finzel, Esq.